UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENDELL C. ROBINSON, | ) |
| and | ) |
| MAY T. JUNG-ROBINSON, | ) |
| | ) Civil Case No. 12-0278 (RJL) |
| Plaintiffs, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

MEMORANDUM OPINION
(June _7_, 2013) [Dkt. #8]

Plaintiffs Wendell C. Robinson and May T. Jung-Robinson (collectively, "plaintiffs"), proceeding *pro se*, bring this suit against the United States ("defendant"), alleging that the Internal Revenue Service ("IRS") deprived them of due process and violated the U.S. Tax Code when it collected their 2009 tax refund in partial satisfaction of tax liabilities dating back to 2003 and 2004, which plaintiffs claim were never properly assessed or noticed.  Before the Court is defendant's Motion to Dismiss [Dkt. #8] for lack of subject matter jurisdiction.  Upon consideration of the parties' pleadings, relevant law, and the entire record therein, the defendant's motion is GRANTED.

1

## BACKGROUND

Plaintiffs Wendell C. Robinson and May T. Jung-Robinson, who are married, filed this suit against the United States on February 21, 2012, seeking a judgment in the amount of $81,050.49, as well as compensatory damages, costs, and interest. *See generally* Compl. [Dkt. #1]; Am. Compl. [Dkt. #6]. The facts giving rise to plaintiffs' claim can be summarized as follows.

On June 21, 2010, the IRS notified plaintiffs that they overpaid their jointly-filed 2009 taxes and that they were entitled to a refund of $81,050.49. Am. Compl. ¶¶ 4, 9 & Ex. 1. That same day, however, the IRS also informed plaintiffs that the entire refund would be used as partial payment of plaintiffs' outstanding tax liabilities from 2003 and 2004, *id.* ¶¶ 4, 9 & Ex. 2, which totaled at least $97,441.42, *id.* Ex. 2.[1] In June 2011, plaintiffs met with an IRS representative, who admitted that the IRS had no record of notifying plaintiffs of these 2003 and 2004 tax liabilities. *Id.* ¶ 5.

On August 15, 2011, plaintiffs filed a claim for the $81,050.49 refund. *Id.* ¶ 6 & Ex. 3. Plaintiffs then sent the IRS a number of follow-up inquiries, and the IRS responded with letters requesting additional time to investigate the claim, the last of which was dated January 11, 2012 and requested 60 more days. *Id.* ¶¶ 6, 10; Pls.' Opp'n to Mot. to Dismiss, Exs. 3 & 4 [Dkt. #9]. Plaintiffs initiated this lawsuit 41 days later, on February 21, 2012. They amended their complaint on July 30, 2012.

---

[1] Defendant offers evidence that plaintiffs' outstanding liabilities were even higher. *See* Altmire Decl. ¶¶ 5 & 6, Exs. 1 & 2 [Dkt. #11-1] (total balance of $108,911.14). The exact figure is irrelevant to the analysis below.

2

According to plaintiffs, the IRS was legally obligated to assess the amount of the 2003 and 2004 liabilities and send a statutory ninety-day notice *before* it could withhold their 2009 refund as partial satisfaction, and its failure to do so constituted a violation of due process and the U.S. Tax Code. *Id.* ¶¶ 7, 11, 12. Specifically, they claim that "[w]hen the IRS seized the Plaintiffs' $81,050.49, refund, they did so in violation of the internal revenue laws for the alleged tax liabilities of the Plaintiffs for taxable years: 2003 and 2004." *Id.* ¶ 7.

The IRS has since realized and acknowledged, however, that defendants did not actually overpay their 2009 taxes. Its mistaken belief that plaintiffs were owed a tax refund as expressed in its June 21, 2011 letter was the result of plaintiffs' over-reporting of their withholdings by approximately $120,000. *See* Altmire Decl. ¶ 7; Def.'s Reply in Supp. of Mot. to Dismiss ("Def.'s Reply"), Ex. 3 [Dkt. #13-3]. In fact, plaintiffs' total tax obligations for 2009 were $220,564.43, and the IRS over-crediting them with payments and withholdings of $301,614.92 resulted in a difference of exactly $81,050.49. Def.'s Reply, Ex. 3. By their own *repeated* admission, however, plaintiffs in fact paid only $181,473.92 in 2009, *see* Pls.' Suppl. Doc. at 1 [Dkt. #16]; Pls.' Mot. for Default Judgment at 3 [Dkt. #20]; Pls.' Reply in Supp. of Default Judgment at 2 [Dkt. #22], leaving a tax due and owing of approximately $39,091.00.

On September 17, 2012, the defendant moved to dismiss plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter

3

jurisdiction. *See generally* Def.'s Mot. to Dismiss [Dkt. #8]. For the following reasons, the defendant's motion is GRANTED.

## ANALYSIS

On a motion to dismiss for lack of subject matter jurisdiction, it is plaintiffs' burden to establish by a preponderance of the evidence that this Court has jurisdiction. *See Martens v. United States*, Civ. No. 05-1805 (RMC), 2007 WL 2007580, at *1 (D.D.C. July 6, 2007); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). While the Court must accept plaintiffs' factual allegations as true, it also must scrutinize those allegations and the complaint as a whole to ensure that the Court in fact has the power to hear the case. *See Shekoyan*, 217 F. Supp. 2d at 63 (citing *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001)). The Court may also consider materials outside the pleadings as necessary to resolve the jurisdictional question. *See id.*

It is well established that, "[a]s a jurisdictional prerequisite to a district court action seeking a refund of federal income tax that has been erroneously assessed or collected, the taxpayer must pay the challenged tax in full." *Wright v. Rossotti*, 30 F. App'x 4, 5 (2002) (citing *Flora v. United States*, 362 U.S. 145, 177 (1960)); *see also Chisholm v. Comm'r*, 865 F.2d 1329, 1329 (D.C. Cir. 1988); *Morrow v. United States*, 471 F. Supp. 2d 19, 20 (D.D.C. 2007). Plaintiffs in this case challenge the assessment of their 2003 and 2004 tax liabilities, Am. Compl. ¶ 7 (alleging that IRS acted "in violation

of the internal revenue laws *for the alleged tax liabilities of the Plaintiffs for taxable years: 2003 and 2004*" (emphasis added)), but nowhere do they even assert, much less prove by a preponderance of the evidence, that those taxes have been fully paid.[2]

In its June 21, 2010 letter, the IRS did inform plaintiffs that their 2009 overpayment had been used to fully satisfy their 2003 liabilities and partially satisfy their 2004 liabilities. Am. Compl., Ex. 2. But the IRS has since convincingly shown—and plaintiffs have not refuted—that that refund letter was sent in error after plaintiffs *overstated* their 2009 tax withholdings by approximately $120,000, thereby necessitating the application of the $81,050.49 towards the underpayment of their 2009 taxes. *Compare* Def.'s Reply, Ex. 3 (reflecting that plaintiffs were credited for withholdings and payments totaling $301,614.92 in 2009), *with* Pls.' Suppl. Doc. at 1 [Dkt. #16] (plaintiffs' assertion that they made "a total payment of: $181,473.92 for their 2009 taxes").[3]

Ultimately, if plaintiffs want to challenge the 2003 and 2004 tax assessments to which they allege their 2009 overpayment was wrongly applied, they must *first* pay those liabilities in full. Unless and until they do so, this Court lacks subject matter jurisdiction over plaintiffs' claims, and their case must be dismissed under Rule 12(b)(1).

---

[2] Accepting as true plaintiffs' assertion that they paid a total of $181,473.92 in 2009, it appears that they also *underpaid* their 2009 taxes as well, by almost $40,000.

[3] Plaintiffs are simply mistaken in their bald assertion that "[d]efendants have failed to allege, in any of its pleadings, that this Court lacks jurisdiction because the Plaintiffs' taxes for 2003 and 2004 were properly assessed, that the Plaintiffs failed to pay[] those taxes, and that collection of the alleged taxes for 2003 and 2004 are outstanding and collectible." Pls.' Opp'n to Def's Reply to Pls.' Opp'n to Def.'s Mot. to Dismiss at 5 [Dkt. #14]. Defendant clearly has argued that "Plaintiffs owe the following income tax liabilities: $87,356.91 for 2003 and $21,554.23 for 2004," and "[s]ince plaintiffs have not shown that the taxes for 2003 and 2004 have been fully paid, this Court lacks jurisdiction." *See* Def.'s Reply at 2–3 [Dkt. #13].

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss [Dkt. #8] is hereby GRANTED. An appropriate order shall accompany this Memorandum Opinion.

                                              */s/ Richard J. Leon*
                                              RICHARD J. LEON
                                              United States District Judge